Chris G. Trapp, Esq. Informal Opinion Village Attorney No. 95-43 Village of Alden 1400 Main Place Tower Buffalo, New York 14202-3714
Dear Mr. Trapp:
You inquire as to whether a town may contractually or otherwise provide police protection to only a portion of its geographic area — in this instance, a specific village — which it would not extend to town residents living outside that village. You indicate that neither the Town of Alden nor the Village of Alden currently maintain their own police departments; rather, they rely on the Erie County Sheriff to provide law enforcement services.
The Village Law states that "[t]he board of trustees of a village may . . . establish a police department in such village and . . . [t]he board of trustees may abolish a police department established pursuant to this section by local law, subject to permissive referendum". Village Law § 8-800.
Similarly, the Town Law provides authority for a town to create and maintain a town police department. Town Law § 150 authorizes the town board of any town to establish a police department and states that the cost of the department is a charge throughout the entire town. Town Law § 150(1). Thus, a town may elect to create and maintain a police department. However, if the town chooses to have a police department, a town-wide charge applies, including incorporated villages. Id.
As to town police departments established after January 1, 1960, no assessments may be made on property in any village within the town for the maintenance or operation of the police department, if the village maintains a police department of four or more police officers on an annual full-time basis. Id.With regard to town police departments established prior to January 1, 1960, the town may enter into agreements with any village concerning the assessment of costs. Id.
The legislative intent behind this statutory framework is clear. As we held in Informal Opinion No. 88-77, if a town maintains a police department, it is required to provide law enforcement services throughout the town, including any village which does not have its own police department. We cannot extract from Town Law § 150(1) any authority for the establishment of a town police department that would serve only one particular village and not the area of the town outside the village. Thus, the selective provision of law enforcement envisioned by your inquiry is simply antithetical to the intended purpose of section 150.
You also have asked whether the sheriff by contract can provide comprehensive law enforcement services to the village. We understand that the Erie County sheriff currently contracts with the Villages of Alden and Springville to provide increased road patrol coverage beyond the basic level of service provided in the two municipalities. You might consider renegotiation of your village's contract with the sheriff to increase the overall level of road patrol service provided to the village.
In a 1981 opinion of this office, we concluded that a sheriff may provide road patrol by contract to those municipalities that desire it. 1981 Op Atty Gen (Inf) 193. In that opinion, we cited the sheriff's duty under section 650 of the County Law to serve as conservator of the peace within the county. We noted that historically it has been the duty of sheriffs in their various jurisdictions to preserve the peace, enforce the laws and arrest and commit to jail felons and other violators of the statutory or common law. The provision of road patrol service is not mandated by statute but instead falls within the sheriff's common law power to enforce the laws. We reasoned that while the sheriff is an independently elected officer, as a local officer his office is subject to the county legislative body's determination of how to allocate limited resources to the various departments of county government. We found, based on the above factors, that a county legislative body can authorize provision of road patrol strictly on a contract basis to those municipalities in the county that request the service. Applying the reasoning of the 1981 opinion, we believe that a county can allocate funds for basic road patrol service in the county and provide for enhanced road patrol by contract in those municipalities that desire the service.
Other alternatives may be available to the Village of Alden. For example, your village also has authority under General Municipal Law Art. 5-G to contract with another municipality for the provision of police services to the village. See, Op Atty Gen (Inf) No. 81-62. The broad language of Article 5-G authorizes the joint or cooperative provision of any functions, powers and duties which each municipality possesses. (A town with a police department would have responsibility to serve a village within the town, in any event.) As we noted in Formal Opinion No. 91-F1, the legislative history of Article 5-G indicates a clear purpose to authorize municipal cooperation generally, without specific implementing legislation.
Also, your village might consider the creation of a joint town and village department under General Municipal Law § 121-a. Under section 121-a, a town and an incorporated village located wholly within the town may create a joint town and village police department. A proposition to establish the joint department must be submitted at a general election or special election in the village and separately in the town. Upon the adoption of the propositions, the town board and the village board of trustees are required to meet in joint session to organize the joint police department and establish the rules of operation. See,Op Atty Gen (Inf) No. 89-16.
Finally, your village may consider contracting with the Superintendent of State Police under Executive Law § 226(1) for the provision of police services to the Village of Alden.
We conclude that the Village and Town Laws do not permit an arrangement whereby the Town of Alden would provide law enforcement only to the Village of Alden and not to the area of the town outside the village. Other alternatives exist for the provision of law enforcement to the village.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY
Assistant Attorney General